IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00422-RJC
(3:13-cr-00300-RJC-1)

ANTOINE LEVONNE THRASHER,       )
                                )
            v.                  )
                                )           **<u>ORDER</u>**
UNITED STATES OF AMERICA,        )
                                )
            Respondent.         )
_____ )

 **THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to

Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255.

I.   BACKGROUND

 On November 19, 2013, Petitioner was indicted in this District on one count of being a

felon-in-possession of firearm, in violation of 18 U.S.C. § 922(g). (3:13-cr-00300, Doc. No. 1:

Indictment). On January 15, 2014, Petitioner pleaded guilty to the § 922(g) charge without a plea

agreement and his case was referred to the U.S. Probation Office for preparation of a presentence

report (PSR).

 In the PSR, the probation officer concluded that Petitioner qualified for an enhanced

sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on North

Carolina state convictions for one count of breaking and/or entering and three counts of robbery

with a dangerous weapon. (<u>Id.</u>, Doc. No. 18: PSR ¶ 23, 34, 38). On March 25, 2015, Petitioner

was sentenced as an armed career criminal to a term of 120-months' imprisonment. Judgment

was entered on April 20, 2015, and Petitioner did not appeal.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

In this collateral proceeding, Petitioner contends that he is entitled to relief from his designation as an armed career criminal under § 924(e) because his prior convictions no longer qualify as violent felonies under the ACCA following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional.[1]

Petitioner also raises three additional challenges: (1) that this Court lacked subject matter jurisdiction to convict him of the § 922(g) offense; (2) that the Grand Jury process was fatally flawed because unauthorized persons appeared before it; and (3) that his judgment should be set aside because his attorney failed to file a notice of appeal. (3:16-cv-00422, Doc. No. 1: Motion to Vacate).

### A.    ACCA challenge

Under the ACCA, a defendant that is convicted of an offense under 18 U.S.C. § 922(g)

---

[1] In Welch v. United States, the Supreme Court held that the holding in Johnson is retroactive to cases on collateral review. 136 S. Ct. 1257 (2016).

faces a sentence of no less than 15 years nor more than life imprisonment if he has three

qualifying convictions for either a "violent felony" or a "serious drug offense," and those

convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).[2]

The ACCA defines a violent felony as follows: "any crime punishable by imprisonment

for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force
> against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise
> involves conduct that presents a serious potential risk of physical injury to
> another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). The first four offenses listed under § 924(e)(2)(B)(ii) are known

as the enumerated offenses. See Johnson, 135 S. Ct. at 2556 ("The closing words of this

definition, italicized above, have come to be known as the Act's residual clause.").

Petitioner does not identify the convictions that he contends no longer qualify as violent

felonies. As noted above, Petitioner was convicted of breaking and/or entering and three counts

of robbery with a dangerous weapon and each of these convictions continues to qualify as a

violent felony under the ACCA. As the Supreme Court noted in Johnson, "[t]oday's decision

[striking the residual clause of the ACCA] does not call into question the application of the Act

to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

See, e.g., United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (finding that North

Carolina offense of breaking and entering meets generic definition of burglary under the ACCA);

United States v. Smith, 638 F. App'x 216, 218-19 (4th Cir. 2016) (finding robbery with a

[2] Petitioner was sentenced below the 15-year minimum term based on his substantial assistance to the Government.
(3:13-cr-00300, Doc. No. 23: Statement of Reasons).

dangerous weapon qualifies as a violent felony under the "force clause" set forth in §
924(e)(2)(B)(i)) .

B.    Statute of limitations

Petitioner's criminal judgment was entered on April 20, 2015, and Petitioner did not
appeal; therefore his judgment became final on May 4, 2015, or fourteen days after the entry of
judgment. See Clay v. United States, 537 U.S. 522, 528 (2003). Petitioner avers that he signed
his Motion to Vacate on June 14, 2016. See Houston v. Lack, 487 U.S. 266, 276 (1988)
(explaining prison mailbox rule).

After reviewing the Motion to Vacate, the Court noted that Petitioner's latter three claims
appeared to be untimely as they were filed more than one year after Petitioner's judgment
became final. The Court therefore issued a notice to Petitioner that provided him with 14 days to
file an explanation why the latter three claims should not be dismissed as untimely or why he
should be entitled to equitable tolling. (3:16-cv-00422, Doc. No. 2: Order). See Hill v. Braxton,
277 F.3d 701, 706 (4th Cir. 2002) (providing for warning prior to sua sponte dismissal in cases
where petitioner fails to address timeliness of petition). Petitioner has not filed a timely response.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in pertinent
part, as follows:

(f) A 1-year period of limitation shall apply to a motion under this section.
The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created
by governmental action in violation of the Constitution or laws of
the United States is removed, if the movant was prevented from
making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court finds the latter three claims in Petitioner's Motion to Vacate are untimely and Petitioner has offered no reason why the one-year statute of limitation should be tolled as to these claims. See Holland v. Florida, 560 U.S. 631, 655 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (requiring diligent pursuit of collateral relief and just reason for the delay).

IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's Motion to Vacate should be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this case.

**SO ORDERED**.

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge